UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN JACKSON,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>MIKE STAINER, Warden,<br><br>　　　　　Respondent.<br>_____ | Case No.　CV 11-5967 GAF (MRW)<br><br>ORDER DISMISSING SUCCESSIVE PETITION |

　　　Petitioner filed a successive habeas petition without permission from the Court of Appeals as required by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(b).　The Court therefore dismisses the successive petition with prejudice.

### BACKGROUND AND PROCEDURAL HISTORY

　　　Petitioner Jackson was convicted in state court of rape and numerous other sexual offenses.　His conviction was subsequently affirmed on appeal.

Petitioner sought habeas relief from this Court in 2007. Jackson v. Felker, CV 07-3982 GAF (RC) (C.D. Cal.) (appeal pending) (the "2007 Action"). The Court denied that habeas petition. (2007 Action, Docket # 75.)

His current federal petition raises a claim alleging a violation of Petitioner's Miranda rights following his original arrest in the rape case. (Docket # 1 at 5.) Petitioner's Miranda claim relates to the same criminal conviction that the Court previously reviewed in the 2007 Action. However, the claim was not part of the petition in the 2007 Action. According to the petition, Petitioner did not seek or obtain permission from the U.S. Court of Appeals for the Ninth Circuit to file a second or successive federal habeas petition as required under AEDPA.

After screening the petition, the magistrate judge issued an order to show cause why the current petition should not be dismissed under AEDPA.[1] In response, Petitioner argues that the current petition is not successive because he did not include the claim in the 2007 Action, and this Court has not considered the merits of his allegation. (Docket # 4 at 1.) Petitioner explains that he presented the Miranda claim to the state courts on habeas review in 2011 because he "didn't have any knowledge of" Miranda at the time he filed the 2007 Action. (Docket # 4 at 3.) Petitioner claims that he recently discovered facts regarding the location and timing of his interview with police in 2004 that allegedly violated his Miranda right. Finally, Petitioner argues that he is entitled to file a state court habeas action at "any time," and argues that he is similarly entitled to federal habeas relief too. (Docket # 4 at 2.)

## ANALYSIS

---

[1] Because this issue is at the screening stage, the Court did not order the petition served on the California Attorney General. Respondent has not appeared in the case to date.

Under AEDPA, a state prisoner is generally required to present all constitutional challenges to a state conviction in a single federal action. A habeas petition is second or successive – and subject to dismissal under 28 U.S.C. § 2244(b) – when the petition "raises claims that were or could have been adjudicated on the merits" in the first action. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009). A claim that was previously presented on habeas review is subject to mandatory dismissal under 28 U.S.C. § 2244(b)(1). A claim that was not presented in a prisoner's previous habeas filing "shall be dismissed" unless Petitioner can show either: (A) a retroactive application of a new rule of constitutional law; or (B) the factual basis for the prisoner's new claim "could not have been discovered previously through the exercise of due diligence," and the newly-found facts would clearly establish the prisoner's innocence. 28 U.S.C. § 2244(b)(2).

A prisoner must obtain authorization from the Court of Appeals to pursue such a successive habeas petition before the new petition may be filed in district court. 28 U.S.C. § 2244(b)(3). In doing so, the prisoner carries a "heavy burden" of convincing the appellate court to permit the successive filing; this is "no easy task." King v. Trujillo, 638 F.3d 726, 729-30 (9th Cir. 2011).

In the present case, Petitioner unquestionably brings a second or successive habeas action. The 2007 Action was considered on the merits, yet did not contain Petitioner's Miranda claim. By presenting another challenge to his conviction in his new federal habeas petition, Petitioner engages in the type of piecemeal habeas litigation that AEDPA specifically prohibits. Petitioner clearly did not obtain permission from the Ninth Circuit for this Court to consider his latest habeas filing.

Under the clear terms of the statute, this Court has no jurisdiction to consider his successive petition and must dismiss the action.[2]

Because Petitioner filed a successive federal habeas action without authorization from the Court of Appeals, the petition is DISMISSED with prejudice pursuant to 28 U.S.C. § 2244(b).

IT IS SO ORDERED.

DATED: August 12, 2011

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has considerable doubt whether Petitioner can convince the appellate court to authorize his second habeas action. Petitioner's claim relates to an alleged <u>Miranda</u> violation during his questioning in the original criminal investigation. Petitioner personally participated in that questioning and has known about the facts of that event for nearly a decade. Despite his claim that he recently became aware of the significance of his questioning, this is not a case of newly-discovered evidence of such a compelling nature that thoroughly undermines the validity of Petitioner's original rape convictions – which is the limited window under which AEDPA may permit a second federal habeas challenge.